IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARTHUR R.,[1] | No. 3:20-cv-1721-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

This matter comes before me on Plaintiff Arthur R.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On January 11, 2018, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging disability beginning December 1, 2016. Tr. 31, 230-49. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 88-143. Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Rudolph Murgo on October 17, 2019. Tr. 28-54. On November 13, 2019, the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 12-27. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-5.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2016, the alleged onset date. Tr. 17. At step two, the ALJ found the following severe, medically determinable impairments: degenerative disc disease post laminectomy and cervical discectomy and fusion; left ulnar neuropathy; and left carpal tunnel syndrome. Tr. 18. At step three, the ALJ found no impairments that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 20. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb any ropes, ladders, or scaffolds. He can occasionally climb ramps and stairs, stoop, and crawl. The claimant can frequently kneel and crouch. He can occasionally reach overhead bilaterally and frequently handle, finger, and feel with the left upper extremity. He should avoid concentrated exposure to hazards, such as unprotected heights and moving mechanical parts.

Tr. 20.

2 – OPINION & ORDER

At step four, the ALJ determined that Plaintiff was incapable of performing any past relevant work. Tr. 23. At step five, the ALJ found that Plaintiff retained the ability to perform other jobs in the national economy, such as semi-conductor loader, semi-conductor bonder, and document clerk. Tr. 24-25. The ALJ therefore found Plaintiff not disabled from the alleged onset date of December 1, 2016, through November 18, 2019, the date of the ALJ's unfavorable decision. Tr. 25.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises three primary issues with the ALJ's decision. First, he contends that the ALJ unreasonably discounted his symptom testimony without clear and convincing reasons for doing so. Second, he argues the ALJ failed to provide germane reasons for disregarding lay witness testimony. And third, Plaintiff argues the ALJ's residual functional capacity assessment was deficient. I address each issue in turn.

I.      **Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the hearing, Plaintiff testified that his nausea and pain were "a lot more frequent," and "more severe" since 2016. Tr. 37. When asked how far he would be able to walk, Plaintiff responded he "wouldn't even get one mile" due to his lower back pain and nerve pain in his left

leg. Tr. 39. Plaintiff testified that he would be able to sit in a chair for "maybe [a] half hour" at most." Tr. 39. Plaintiff related that he has "about three" "bad days" a week, and that on bad days he does "nothing, [and] just stay[s] in bed." Tr. 45. On the "good days," he stays "pretty much indoors," has "tolerable" pain, but testified he could not get through even a sedentary 8-hour work day because of his neck and back pain. Tr. 49.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 22. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with the objective medical evidence, and that Plaintiff's conditions improved with treatment. Tr. 24.[2]

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)(emphasis in original); s*ee also Connett v.*

---

[2] Plaintiff also claims that the ALJ should not have weighed his activities against his allegations. Pl. Br., ECF No. 13 at 7-8. Although the ALJ recounted Plaintiff's statements about his activities in the course of summarizing his testimony at the hearing (Tr. 21), the ALJ never found these activities undermined his allegations of disability. Therefore, the Court does not consider whether this was an adequate basis to discount subjective symptom testimony.

*Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

The ALJ reasonably discounted Plaintiff's testimony that pain and nausea would make him totally unable to work because it was inconsistent with the record. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ acknowledged that while Plaintiff's pain limited his ability to work, doctors Martin Kehrli and Thomas Davenport opined that medical records show his pain was less pronounced than what he alleged at the hearing. Tr. 22, 25-26. The ALJ noted these opinions showed Plaintiff had a normal gait, full motor strength in the lower extremities, and no muscle atrophy, which all clashed with Plaintiff's testimony of more severe pain and immobility. Tr. 23, 97-99, 110-12. The ALJ also noted that while Plaintiff alleged his back pain had significantly increased since 2016, his MRIs showed no significant changes between 2015 and 2018. Tr. 25-26. Doctors Kehrli and Davenport opined that Plaintiff could work a full day with this level of pain and physical limitation, and the ALJ credited their opinions of the limiting effects of Plaintiff's impairments over Plaintiff's self-reports. Tr. 24-26. The ALJ reasonably relied on these opinions, which were consistent with the medical evidence discussed above, rather than on Plaintiff's conflicting self-reports.

Plaintiff argues this rationale is not supported by substantial evidence because other medical evidence confirms Plaintiff's testimony about pain and nausea. Plaintiff counters that other doctors' objective findings support, rather than undermine, his pain testimony. *See* Pl. Br., ECF No. 13 at 6-7 (citing the opinions of Doctors Button and Ly, which he argues support his testimony of pain and "good" and "bad" days). The medical records the ALJ cited point the other way, and it is not for this Court sitting in review to re-weigh the medical evidence. *Ahearn v.*

*Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ"). Ultimately, the ALJ gave a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony about his pain and nausea, and the Court will not disturb that finding.

    B.    *Improvement with Treatment*

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Additionally, an ALJ may consider a claimant's unexplained or inadequately explained failure to follow a prescribed course of treatment. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ also reasonably concluded that Plaintiff's pain symptoms improved with treatment, which undermined his hearing testimony. Although Plaintiff complained that he was unable to work due to pain (Tr. 45-49), the ALJ noted that Plaintiff treated his pain effectively with medication such as Norco, gabapentin, hydrocodone and medical marijuana. Tr. 21-25. For example, at an October 2, 2018 appointment Plaintiff noted that his gabapentin "help[ed] with headache and nerve pain down the arm and legs." Tr. 649. Although Plaintiff complained of a "slight increase in symptoms" at the hearing, imaging of his back was unchanged from 2016 to 2018. Tr. 630. In 2018, Plaintiff's ulnar nerve looked better than it had on prior tests. Tr. 641. Other testing confirmed that Plaintiff's neuropathy was improving. Tr. 647, 650. Plaintiff's

medication helped his symptoms, even though they resulted in side effects, like irritability. Tr. 647. And despite a recommendation that Plaintiff undergo an insurance-approved steroid injection for his alleged pain, he showed "some reluctance to the side effect profile" and continued to take just one pain pill daily. Tr. 570. This is another clear and convincing reason, supported by substantial evidence, and the Court therefore upholds the decision to discount Plaintiff's testimony on the basis that his symptoms improved with treatment.

## II.     Lay Witness Testimony

"Lay testimony as to a claimant's symptoms is competent evidence that the Secretary must take into account." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources and nonmedical sources about how your symptoms affect you."). But under the 2017 regulations, the ALJ is not "required to articulate how [they] considered evidence from nonmedical sources" using the same criteria required for the evaluation of medical sources. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Under the new regulations, however, the ALJ must still articulate their assessment of lay witness statements. *Tanya L.L. v. Comm'r Soc. Sec.*, 526 F.Supp.3d 858, 869 (D. Or. 2021), and give reasons "germane to the witness" when discounting the testimony of lay witnesses. *Valentine*, 574 F.3d at 694.

But the ALJ is not required "to discuss every witness's testimony on an individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114, *superseded on other grounds by* 20 C.F.R. § 404.1502(a). If the ALJ gives valid germane reasons for rejecting testimony from one witness, the ALJ may refer to those same reasons when rejecting similar testimony by a different witness. *Id.* Additionally, where "lay witness testimony does not describe any limitations not already

described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," any error by the ALJ in failing to discuss the lay testimony is harmless. *Id.* at 1117, 1122.

Danielle R., Plaintiff's wife, filled out an Adult Function Report that details the struggles Plaintiff has with his daily activities. She has known Plaintiff for 25 years and lives with him. Tr. 324. Specifically, Plaintiff's wife stated that "[h]e's in so much pain, movement is very limited. In bed all day unless to use the bathroom or eat." Tr. 324. She and their daughter take care of everything. Tr. 325 Plaintiff's wife goes on to state that Plaintiff does not do chores. He may get the mail, but doing house or yard work hurts him too much. Tr. 326. When he does go out, he get his meds and might get something for himself at the store. Tr. 325. Plaintiff's wife further states that Plaintiff is becoming more forgetful and needs reminder of family functions. Tr. 326. She stated that social activities with Plaintiff have stopped. Tr. 328. Plaintiff's wife stated that Plaintiff can walk about 100 feet and he needs to rest for 5-10 minutes or more. He can pay attention for only 20 minutes, has some difficulties following written instructions. Tr. 329.

Here, although the ALJ did not sufficiently analyze the lay witness testimony, any error in failing to do so was harmless. Here, Plaintiff's wife described symptoms that mirrored Plaintiff's own allegations. *See* Tr. 271-78, 324-32. In particular, Plaintiff's wife repeated Plaintiff's claim that his "condition has progressively gotten worse over the years." Tr. 332. As discussed above, the ALJ provided legally sufficient reasons for concluding that Plaintiff's testimony was unpersuasive. These reasons apply equally well to the lay witness testimony. Any error in rejecting the lay witness testimony was therefore harmless. *Molina*, 674 F.3d at 1117.

### III.   RFC Formulation

Plaintiff also contends that the ALJ's RFC is not supported by substantial evidence because it fails to account for all supported functional limitations. The RFC must contemplate all medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96–8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, Plaintiff's arguments that the RFC failed to account for all his functional limitations are specifically tied to the ALJ's rejection of Plaintiff's symptom testimony concerning his pain, and the effect that pain would have on Plaintiff's ability to perform full-time sedentary work. As noted above, the ALJ provided clear and convincing reasons—supported by substantial evidence—for discounting this symptom testimony. Thus, plaintiff has not articulated an independent error here, and the Court finds the ALJ did not otherwise err in formulating the RFC.

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED:     8/30/2023         .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

10 – OPINION & ORDER